**Charles E. LLOYD, Plaintiff,**

v.

**HORNADY TRUCK LINES, INC., Defendant.**

**No. C3-85-530.**

United States District Court, S.D. Ohio, W.D.

June 25, 1987.

H. Steven Hobbs, Miamisburg, Ohio, David E. Beitzel, Bruce A. Buren, Dayton, Ohio, for Zumstein, Inc.

Carmine Garofalo, Dayton, Ohio, for Hornady Truck Lines, Inc.

DECISION AND ENTRY DECLARING THAT THE LAW OF THE COMMON-WEALTH OF VIRGINIA SHALL APPLY TO COUNT III OF THE PLAINTIFF'S AMENDED COMPLAINT; DECISION AND ENTRY HEREBY REQUIRING THE PLAINTIFF TO SHOW CAUSE WITHIN TEN DAYS OF RECEIPT OF THIS DECISION WHY THIS ACTION SHOULD NOT BE DISMISSED

RICE, District Judge.

In this Court's Entry of April 16, 1987, the Court noted that the only remaining claim of the Plaintiff's Fifth Amended Complaint is Count III, in which Zumstein, Inc. seeks to recover for an increase in workers' compensation premiums as a result of the actions of the Defendant (Doc. # 51). The Court further noted that Count III, which was newly added at the time of the Court's Entry, *may* be governed by the law of Ohio rather than the law of Virginia, the state in which the motor vehicle collision giving rise to the Plaintiff's original claims occurred. Accordingly, the Court ordered that counsel for the parties brief the choice of law issue. Both parties have submitted briefs (Doc. # 52 & # 53), and the choice of law issue is now in a posture to be decided by this Court.

In a case in which jurisdiction is based upon diversity of citizenship, federal district courts are required to apply the choice of law rules of the forum in which they sit. *Klaxon Co. v. Stentor Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The Supreme Court of Ohio has adopted, as the approach to be applied in deciding choice of law issues in a tort action, the Restatement of the Law of Conflicts. *Morgan v. Biro Mfg. Co.*, 15 Ohio St.3d 339, 474 N.E.2d 286 (1984). Under the Restatement of Laws approach, a presumption is created that the law of the place of injury controls unless another jurisdiction has a more significant relationship to the lawsuit. To determine the state with the most significant relationship, a court must consider the general principles set forth in Section 145. These factors include:

(1) the place of the injury;

(2) the place where the conduct causing the injury occurred;

(3) the domicile, residence, nationality, place of incorporation, and place of business of the parties;

(4) the place where the relationship between the parties, if any, is located; and

(5) any factors under Section 6 which the court may deem relevant to litigation. 474 N.E.2d at 289.[1] All of these factors are to be evaluated according to their relative importance to the case.

Application of the above factors leads this Court to conclude that the law of Virginia must apply to Count III of the Plaintiff's Fifth Amended Complaint. Virginia is clearly the jurisdiction with the most

---

1. Under Section 6 of the Restatement of the Law 2d, Conflicts of Laws, the factors to be considered include: (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of law to be applied.

significant relationship to the Plaintiff's lawsuit. The Plaintiff is seeking to recover for damages incurred as a consequence of the Defendant's negligence. The injury to the Plaintiff Zumstein, Inc. is directly linked to the personal injury sustained by Charles Lloyd in the accident occurring in Virginia. Thus the alleged competent causing force of Zumstein, Inc.'s injury (the increase in worker's compensation premiums) is the negligence of the Defendant, which occurred in Virginia. Because Virginia is the state where the injury occurred and the state where the conduct causing the injury occurred, this Court concludes that it is the state with the most significant contacts.

The Plaintiff, in arguing that the law of Ohio should apply, contends that Ohio has a significant interest in the operation of its workers' compensation system. However, it occurs to this Court that *no such interest* of the state of Ohio is implicated. The Plaintiff's employee was entitled to workers' compensation benefits regardless of the place of the accident and regardless of fault. The Plaintiff's premiums would also have increased regardless of the place of accident or fault. The place or locus of the collision or the law to be applied by the Court has no effect upon the manner of operation of the Ohio Worker's Compensation system. Thus, the state of Ohio does not have an interest in this case. Accordingly, the law of Virginia must be applied.

The Plaintiff has indicated that under the law of Virginia, and its system of workers' compensation, its claim for an increase in workers' compensation premiums is not cognizable. If it is true that no cause of action is recognized under the law of Virginia, then the Plaintiff's claim must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. It is therefore the Order of this Court that the Plaintiff, within ten days of receipt of this decision, show cause why the within action should not be dismissed.